IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TEXAS BLOCKCHAIN COUNCIL, a nonprofit association; RIOT PLATFORMS, INC., <br><br>*Plaintiffs*, <br><br>v. <br><br>OFFICE OF MANAGEMENT AND BUDGET; SHALANDA YOUNG, in her official capacity as Director of Office of Management and Budget; DEPARTMENT OF ENERGY; JENNIFER M. GRANHOLM, in her official capacity as Secretary of Energy; ENERGY INFORMATION ADMINISTRATION; JOSEPH DECAROLIS, in his official capacity as Administrator of Energy Information Administration, <br><br>*Defendants*. | Civil Action No. 6:24-cv-00099-ADA |

**PLAINTIFFS' OPPOSITION TO NON-PARTY SIERRA CLUB'S MOTION FOR LEAVE TO FILE AMICUS BRIEF AND MOTION TO STRIKE**

Plaintiffs Texas Blockchain Council ("TBC") and Riot Platforms, Inc. ("Riot") though their undersigned counsel, file this Opposition to Non-Party Sierra Club's Motion for Leave to File Amicus Brief (the "Motion") and move to strike Sierra Club's frivolous and moot filings.

The Court should deny Sierra Club's Motion. As Sierra Club knew when it filed the Motion, the EIA had discontinued the emergency collection of Form EIA-862 the evening before. *See* Ex. 1. Sierra Club had also been informed by Plaintiffs' counsel shortly before filing its Motion that: (1) the parties had reached an agreement resolving any remaining issues; (2) the Court had issued an order cancelling the preliminary injunction hearing at the request of the parties; and (3) the Court had ordered that the parties file their agreement with the Court. Plaintiffs' Counsel also

1

attached the Order and Sierra Club counsel confirmed its receipt. Ex. 2 (email exchange between Kate Huddleston and Mark Siegmund).

Nonetheless, roughly five hours later, Sierra Club filed its Motion anyway. In it, Sierra Club stated only that "Counsel for Plaintiff oppose" the Motion—and failed to "certif[y] the specific reason that no agreement could be made." ECF No. 18 at 1. In doing so, Sierra Club failed to comply with Local Civil Rule CV-7(G). The Motion should be denied for that reason alone. Notwithstanding that failure, the Motion should be denied as moot. Although Plaintiffs believe that Sierra Club's filing—and the manner in which it was made—further underscores the pretextual and politically-motivated nature of the "emergency" survey, its filing was mooted by the survey's withdrawal. And as Sierra Club knew, the parties had reached an agreement in principle on remaining terms hours earlier—further mooting the Motion. It nonetheless filed the motion—based on the purported need to weigh in on "the reasonable likelihood of public harm absent the [EIA's] emergency collection of information regarding cryptocurrency mining facilities." ECF No. 18 at 1. Yet this rationale could not possibly be legitimate when the survey had already been discontinued and an agreement of the parties reached. Moreover, the amicus brief fails to comply with Rule 29(a)(3)(b) because it will not aid the Court in disposition of the case, as the issue is now moot and pending final resolution between the parties.

Fatal procedural defects aside, the Motion is also of no aid to the Court. Sierra Club makes no effort to address why Plaintiffs are unlikely to prevail on the merits, why they are not being harmed, or how the harm is not immediate and irreparable. It chooses to address only the public interest – and even then says nothing about how public harm is imminent absent the "emergency" survey. The failure to offer any comment on the Court's prior ruling, and the agreement of the parties actually involved, demonstrates this is this is a not a filing designed to aid the Court – but

a filing designed to aid the Sierra Club. As the Fifth Circuit has noted in summarily rejecting other "spurious" filings like this one, there is "[n]o need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. C.I.R.*, 737 F.2d 1417, 1417 (5th Cir. 1984).

For these reasons, the Court should: (1) deny the Motion; and (2) strike Sierra Club's amicus brief and exhibits from the record because these filings are improper, not relevant, and violate Rule 29.

Respectfully submitted,

| | | |
|---|---|---|
| Kara M. Rollins<br>Russell G. Ryan*<br>NEW CIVIL LIBERTIES ALLIANCE<br>1225 19th St. NW, Suite 450<br>Washington, DC 20036<br>Tel: (202) 869-5210<br>Fax: (202) 869-5238<br>kara.rollins@ncla.legal<br>russ.ryan@ncla.legal<br>*Pro Hac Vice* Motions Forthcoming | Chris Davis<br>Joshua Smeltzer<br>GRAY REED<br>1601 Elm St., Suite 4600<br>Dallas, TX 75201<br>Tel: (469) 320-6215<br>Fax: (469) 320-6926<br>cdavis@grayreed.com<br>jsmeltzer@grayreed.com<br><br>Greg White<br>900 Washington Avenue<br>Suite 800<br>Waco, Texas 76701<br>Tel: (254) 342-3003<br>Fax: (469) 320-6926 | /s/ Mark D. Siegmund<br>Mark D. Siegmund<br>State Bar Number 24117055<br>CHERRY JOHNSON SIEGMUND JAMES PLLC<br>The Roosevelt Tower<br>400 Austin Avenue, 9th Floor<br>Waco, Texas 76701<br>Tel: (254) 732-2242<br>Fax: (866) 627-3509<br>msiegmund@cjsjlaw.com |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I certify that on February 28, 2024, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Mark D. Siegmund*
Mark D. Siegmund
