UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TEXAS BLOCKCHAIN COUNCIL, | ) | |
| a nonprofit association; | ) | |
| RIOT PLATFORMS, INC., | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | Case No. 6:24-cv-99 |
| v. | ) | |
| | ) | |
| DEPARTMENT OF ENERGY; | ) | |
| JENNIFER M. GRANHOLM, in her | ) | |
| official capacity as Secretary of Energy; | ) | |
| ENERGY INFORMATION | ) | |
| ADMINISTRATION; JOSEPH | ) | |
| DECAROLIS, in his official capacity as | ) | |
| Administrator of Energy Information | ) | |
| Administration; OFFICE OF | ) | |
| MANAGEMENT AND BUDGET; | ) | |
| SHALANDA YOUNG, in her official | ) | |
| capacity as Director of Office of | ) | |
| Management and Budget, | ) | |
| | ) | |
| *Defendants.* | ) | |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICUS BRIEF**

This fast-moving, fluid case remains pending before this Court. A temporary restraining order remains in place, with accompanying legal reasoning; a motion for intervention remains live; and this Court has made no final decision on either a preliminary injunction or the resolution of this case as a whole. This litigation has not yet been resolved, and Sierra Club's amicus remains of significant aid regarding the underlying issues.

1

First, and most importantly, the issues that Sierra Club highlights in its proposed amicus provide relevant and useful information as to the reasonable likelihood of public harm absent the EIA's emergency collection of information as to cryptocurrency mining facilities. *See* Dkt. 18. As Sierra Club's proposed amicus explains, Dkt. 18-1, information about how cryptocurrency mining facilities interact with the electric grid is critical to ensuring the lights stay on and customers' costs do not rise due to abuse of current market rules by cryptocurrency companies. For federal and state regulators, grid operators, utilities, and the public, greater insight into (1) the magnitude of demand cryptocurrency facilities place on the grid and (2) the ways in which facilities respond to market rules in conditions of high stress on the grid is especially critical for responsible long-term resource planning and response to emergencies in which reliability is at risk. The deaths of hundreds of Texans when the lights went out during Winter Storm Uri show just how important accurate information and adequate resource planning is, and underscore the urgency of obtaining this information before the next winter.

Contrary to Plaintiffs' assertion, Dkt. 21 at 2, this issue is critical not only to the question of where the public interest lies but also to the likelihood of success on the merits. This Court concluded in its temporary restraining order that "Plaintiffs are likely to succeed in showing that" Defendants had failed to "justify[]" "an emergency request" under the Paperwork Reduction Act, stating that "[s]uch emergency requests are only appropriate upon an agency head's determination that public harm is reasonably likely to result if normal clearance procedures are followed." Dkt. 13 at 4 (citing 5 C.F.R. § 1320.13(a)). As Sierra Club explained in its proposed amicus, the brief "provides further information about the[] public harms that are reasonably likely to occur if information collection is delayed. *See* 5 C.F.R. 1320.13." The question of whether the reasonable likelihood of public harm standard was satisfied for purposes of the

Paperwork Reduction Act's implementing regulations is, as Plaintiffs themselves have recognized, a merits question. Dkt. 5 at 5 ("II. Plaintiffs Are Substantially Likely to Succeed on the Merits . . . A. Defendants Failed to Show that Public Harm Was Reasonably Likely to Occur Unless the Survey Was Authorized").

Second, Plaintiffs' assertion that Sierra Club was aware of a "discontinu[ance]" by the EIA of the emergency collection of Form EIA-862 on the evening of February 26 is both irrelevant and inaccurate. *See* Dkt. 21 at 1. Sierra Club was, and is, aware that this Court issued an order granting Plaintiffs' motion for temporary restraining order on February 23, 2024. Dkt. 13. That temporary restraining order "maintains the pre-enforcement status quo of Defendants' Survey, EIA-862, until such time a preliminary injunction hearing can be held." *Id.* at 5. In the temporary restraining order, the Court recognized that the EIA administrator had stated, "In order to facilitate the Court's ability to hear from all parties in advance of issuing a decision on Plaintiffs' request for emergency relief, EIA has determined to exercise its discretion not to enforce any requirement to file the survey form EIA-862 through March 22, 2024." *Id.* at 2 (quoting Dkt. 10 at 1-2). The Court concluded, "A credible threat of enforcement, albeit delayed, still exists." *Id.* at 3. In other words, the EIA Administrator had represented the agency would temporarily suspend enforcement due to this litigation and the Court issued a temporary restraining order *after* that representation. Defendants were, and are, bound by that temporary restraining order. Any discontinuance of collection of the information pursuant to the Court's temporary restraining order is simply Defendants following this Court's order, as required.

It is difficult, however, for Sierra Club to determine *why* Plaintiffs believe any additional "discontinuance" affects the case's procedural posture, since there is no evidence in the record as to a discontinuance by EIA on the evening of February 26. Although Plaintiffs' Response cites

"Exhibit 1" as evidence that on February 26 "EIA had discontinued the emergency collection of Form EIA-862," the Response does not have an Exhibit 1 attached. *See* Dkt. 21. The docket in this litigation provides two entries on February 26, a pro hac vice motion and a motion for leave to intervene—neither of which are representations by EIA regarding discontinuance of the emergency collection of Form EIA-862. In any event, Sierra Club's counsel is not currently aware of any permanent discontinuance by the EIA of emergency collection of Form EIA-862, or discontinuance unrelated to either the March 25 timeline that EIA previously set forth in this litigation or the temporary restraining order currently in effect.

Third, the existence of "an agreement-in-principle" does not resolve the case. Indeed, Defendants' counsel have already once represented to the Court that "the parties were prepared to agree to an order that memorialized" a declaration by the EIA Administrator agreeing to postpone collection and sequester any data already received until March 25, 2024, but when no such agreement was reached, the Court found Defendants' declaration insufficient and issued the still-operative temporary restraining order. Dkt. 13 at 2. This has been a fast-moving and fluid case. One business day after the temporary restraining order issued and the day before Sierra Club filed its motion for leave to file an amicus brief, the Chamber of Digital Commerce moved for leave to intervene as plaintiff. Dkt. 16. That motion, which Plaintiffs did not oppose, Dkt. 16 at 2, remains pending as well. In light of this history and the potential for further rapid changes in the litigation, Sierra Club believes it is essential to ensure the Court has the benefit of further perspective on the need for emergency collection of this information.

Local Civil Rule CV-7(g), is not a reason for this Court to deny leave to file. This Court has broad discretion regarding leave to file amicus briefs, and Local Civil Rule CV-7(g) does not alter that discretion. *See Lefebure v. D'Aquilla*, 15 F.4th 670, 673-74 (5th Cir. 2021). Local Civil

Rule CV-7(g) states that the court "*may* deny a nondispositive motion" absent the movant

"certif[ying] the specific reason that no agreement could be made." *Id.* (emphasis added). Any

concern that the Court might have on this point is cured by Plaintiffs' response outlining in depth

their opposition to the motion. *See* Dkt. 21. Given that the Court is aware of Plaintiffs' rationale,

the lack of certification should not be the basis for opposition. The key question is whether the

amicus will aid this Court in the resolution of this litigation—and, in light of the existing

temporary restraining order and the current lack of full resolution of this case, it does so.

Dated: February 29, 2024                     Respectfully submitted,

                                             /s/ *Casey Roberts*
Megan Wachspress                             Casey Roberts
Sanjay Narayan                               Sierra Club
Sierra Club                                  1536 Wynkoop Street, Ste 200
2101 Webster St, Ste 1300                    Denver, CO  80202
Oakland, CA  94612                           (303) 454-3355
(415) 977-5635                               casey.roberts@sierraclub.org
megan.wachspress@sierraclub.org
sanjay.narayan@sierraclub.org                Kathryn Huddleston
                                             Sierra Club
                                             6406 N I-35, Ste 1805
                                             Austin, TX  78752
                                             kate.huddleston@sierraclub.org

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I served a copy of the foregoing motion via the Court's ECF filing system.

Dated: February 29, 2024                      <u>/s/ *Casey Roberts*</u>
                                               Casey Roberts