**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| TEXAS BLOCKCHAIN COUNCIL, a nonprofit association; RIOT PLATFORMS, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> DEPARTMENT OF ENERGY; JENNIFER M. GRANHOLM, in her official capacity as Secretary of Energy; ENERGY INFORMATION ADMINISTRATION; JOSEPH DECAROLIS, in his official capacity as Administrator of Energy Information Administration; OFFICE OF MANAGEMENT AND BUDGET; SHALANDA YOUNG, in her official capacity as Director of Office of Management and Budget, <br><br> *Defendants.* | Case No. 6:24-cv-99 |

**NOTICE OF AGREEMENT**

Plaintiff Texas Blockchain Council; Plaintiff Riot Platforms, Inc. (collectively with Texas

Blockchain Council, "Plaintiffs"); Defendant Department of Energy ("DOE"); Defendant

Jennifer M. Granholm, in her official capacity as Secretary of Energy; Defendant U.S. Energy

Information Administration ("EIA"); Defendant Joseph DeCarolis, in his official capacity as

Administrator of EIA; Defendant Office of Management and Budget ("OMB"); and Defendant

Shalanda Young, in her official capacity as Director of OMB (collectively with the other

Defendants, "Defendants,"); and Proposed Intervenor Chamber of Digital Commerce ("Proposed

Intervenor," and collectively with the Plaintiffs and Defendants, the "Parties") hereby enter into this Agreement.

RECITALS

A.      On January 24, 2024, EIA requested that OMB approve the emergency collection of information under Form EIA-862, Cryptocurrency Mining Facilities Survey (the "EIA-862 Emergency Collection Request") pursuant to the emergency collection procedures of the Paperwork Reduction Act ("PRA") and its implementing regulations in 44 U.S.C. § 3507(j) and 5 C.F.R. § 1320.13.

B.      On January 26, 2024, OMB approved the emergency collection of information under Form EIA-862, Cryptocurrency Mining Facilities Survey (the "EIA-862 Emergency Collection Approval").  OMB's Notice of Action setting forth the EIA-862 Emergency Collection Approval listed an expiration date of July 31, 2024.

C.      In or around late January or February 2024, EIA sent Form EIA-862, as approved through the EIA-862 Emergency Collection Approval (the "EIA-862 Emergency Survey"), to certain parties engaged in cryptocurrency mining with an initial response deadline of February 23, 2024, and subsequent response deadlines of the last Friday of each month.

D.      On February 9, 2024, EIA published a notice in the Federal Register pursuant to the PRA's notice-and-comment procedures, *see* 44 U.S.C. § 3506(c), that it was proposing a three-year collection of a Cryptocurrency Mining Facilities Survey.  *See* Energy Information Administration, Agency Information Collection Proposed Extension, 89 Fed. Reg. 9,140 (Feb. 9, 2024) ("February 9 Notice").  The February 9 Notice invited public comments through April 9, 2024.  It also described the EIA-862 Emergency Collection Request and the EIA-862 Emergency Collection Approval.

E.      On February 22, 2024, Plaintiffs filed their Complaint in this action.  ECF No. 1.

Plaintiffs' Complaint alleges, among other things, that the EIA-862 Emergency Collection

Request, the EIA-862 Emergency Collection Approval, and the collection of information through

the EIA-862 Emergency Survey violate the PRA and the Administrative Procedure Act, and do

not comply with various statutory and regulatory requirements for the emergency collection of

information.

F.      Also on February 22, 2024, Plaintiffs filed a Motion for a Temporary Restraining

Order.  ECF No. 5.

G.      On February 23, 2024, the Court entered an Order Granting Plaintiffs' Motion for

Temporary Restraining Order, which ordered that "Defendants are: 1. restrained from requiring

Plaintiffs or their members to respond to the Survey, 2. restrained from collecting data required

by the Survey, and 3. shall sequester and not share any such data that Defendants have already

received from Survey respondents."  ECF No. 13, at 5.  The Temporary Restraining Order

expires on March 8, 2024, unless extended by the Court or by Defendants' consent.  *Id.* at 6.

H.      The Court set a Preliminary Injunction Hearing ("Hearing") for February 28,

2024.  ECF No. 14.

I.      On February 26, 2024, Proposed Intervenor filed a Motion for Leave to Intervene

as a Plaintiff.  ECF No. 16.  That Motion indicated that if allowed to intervene, Proposed

Intervenor would seek the same relief sought by Plaintiffs.  *Id.* at 2.

J.      On February 26, 2024, Administrator DeCarolis informed OMB in a signed letter

that EIA was "immediately . . . discontinuing (that is, formally withdrawing and ceasing) that

emergency collection of Form EIA-862 and requesting that OMB approve EIA's discontinuance

of the emergency authorization of the Form EIA-862 data collection."  Attachment 1, Suppl.

DeCarolis Decl., Ex. A ("EIA-862 Emergency Collection Discontinuance Request").  EIA

further explained that it "has decided that it will not proceed through the emergency collection

procedures set forth in 44 U.S.C. § 3507(j) and 5 C.F.R. § 1320.13 with respect to an information

collection covering data of the type described in Form EIA-862."  *Id.*  EIA explained that it "will

proceed through the PRA's notice-and-comment procedures . . . to determine whether to request

that OMB approve any collection of information covering such data."  *Id.*

      K.      On February 26, 2024, OMB issued a Notice of Action granting EIA's request

and approving EIA's discontinuance of the emergency authorization of the Form EIA-862 data

collection.  *See* Attachment 2, Suppl. Mancini Decl., Ex. A ("EIA-862 Emergency Collection

Discontinuance Approval").

      L.      As a result of the EIA-862 Emergency Collection Discontinuance Request and the

EIA-862 Emergency Collection Discontinuance Approval, no person or entity is subject to any

obligation to respond to Form EIA-862.

      M.      On February 27, 2024, counsel for Plaintiffs and Defendants informed the Court

that they had reached an agreement-in-principle concerning this matter and jointly requested that

the Hearing be cancelled.  The Court entered an order cancelling the Hearing and ordered the

parties to memorialize their agreement by filing it on the docket and attaching a proposed order

on or before March 1, 2024.  ECF No. 17.

AGREEMENT

The Parties agree as follows:

      1.      Defendants agree that EIA will destroy any information that it has already

received in response to the EIA-862 Emergency Survey.  If EIA receives additional information

in response to the EIA-862 Emergency Survey, EIA will destroy that data.  EIA will sequester

4

and keep confidential any information it has received or will receive in response to the EIA-862
Emergency Survey until it is destroyed.

2.      Defendants agree that EIA will publish in the Federal Register a new notice of a
proposed collection of information ("New Federal Register Notice") that will withdraw and
replace the February 9 Notice.  Defendants agree that EIA will allow for submission of
comments for 60 days, beginning on the date of publication of the New Federal Register Notice,
pursuant to 44 U.S.C. § 3506(c)(2)(A). If, after evaluating the received comments pursuant to 44
U.S.C. § 3506(c)(2), EIA decides to conduct a cryptocurrency mining survey, the Defendants
agree to do so in accordance with the provisions set forth in 44 U.S.C. § 3507(a)-(c), (e), (g) and
5 C.F.R. § 1320.10.

3.      Defendants agree that in considering the comments submitted in response to the
New Federal Register Notice, EIA will also consider any comments submitted in response to the
February 9 Notice as if they had been submitted in response to the New Federal Register Notice.

4.      Defendants will pay Plaintiffs $2,199.45 in full and complete satisfaction of any
claim by Plaintiffs or Proposed Intervenor for attorneys' fees, costs, and litigation expenses under
the Equal Access to Justice Act ("EAJA") in connection with this case, through March 1, 2024.
Defendants will pay the above amount by wire transfer or wire transfers to an account at a
financial institution designated in writing by counsel for Plaintiffs, consistent with normal
processing procedures.  Plaintiffs' counsel will provide Defendants' counsel the bank routing and
account information for the account to receive such payment. Plaintiffs' counsel will confirm this
information by phone with Defendants' counsel before transmitting such payment.

5.      Plaintiffs and Proposed Intervenor hereby withdraw their request that the Court
enter a preliminary injunction.

6.      Plaintiffs and Proposed Intervenor agree not to pursue any further relief, including injunctive relief or a declaratory judgment, concerning the lawfulness of the EIA-862 Emergency Collection Request, the EIA-862 Emergency Collection Approval, and the EIA-862 Emergency Survey, which have been formally discontinued—that is, withdrawn and ceased—through the EIA-862 Emergency Collection Discontinuance Request and the EIA-862 Emergency Collection Discontinuance Approval.  This agreement is without prejudice to any claims concerning the lawfulness of any collection of information that might be authorized in the future.

7.      Defendants hereby give notice that they consent to Proposed Intervenor's Motion to Intervene as Plaintiff.

8.      The Parties agree to request jointly that the Court stay and administratively close the case.  Specifically, the parties request that the Court enter the Proposed Order submitted as Attachment 3.

9.      This Agreement is the result of compromise.  Neither this Agreement nor any representations made by any Party in the course of negotiating this Agreement shall constitute or be construed as an admission of liability or wrongdoing by any Party, or by their officers, employees, agents, successors, assigns, or representatives, related to any claims or defenses that have been raised (or could have been raised) with regard to the claims asserted in this litigation.

10.     In the event that one Party to this Agreement believes that another Party has violated the Agreement, the Party that believes there has been a violation may, after giving reasonable notice the other Party, move the Court to lift the stay (if a stay is then in effect) in order to move the Court for appropriate relief.

Dated: March 1, 2024

For Defendants:

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Director, Federal Programs Branch

  /s/ Jeremy S.B. Newman
JEREMY S.B. NEWMAN
Trial Attorney (D.C. Bar # 1024112)
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L St., NW
Washington, DC 20530
Tel: (202) 532-3114
Fax: (202) 616-8470
jeremy.s.newman@usdoj.gov

*Counsel for Defendants*

  /s/ Kara Rollins
Kara M. Rollins
Russell G. Ryan*
NEW CIVIL LIBERTIES ALLIANCE
1225 19th St. NW, Suite 450
Washington, DC 20036
Tel: (202) 869-5210
Fax: (202) 869-5238
kara.rollins@ncla.legal
russ.ryan@ncla.legal
**Pro Hac Vice* Motion Forthcoming

*Counsel for Plaintiffs*

Chris Davis
Joshua Smeltzer
GRAY REED
1601 Elm St., Suite 4600
Dallas, TX 75201
Tel: (469) 320-6215
Fax: (469) 320-6926
cdavis@grayreed.com
jsmeltzer@grayreed.com

Greg White
900 Washington Avenue
Suite 800
Waco, Texas 76701
Tel: (254) 342-3003
Fax: (469) 320-6926

*Counsel for Plaintiffs and Proposed Intervenor*

Mark D. Siegmund
State Bar Number 24117055
CHERRY JOHNSON SIEGMUND JAMES
PLLC
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, Texas 76701
Tel: (254) 732-2242
Fax: (866) 627-3509
msiegmund@cjsjlaw.com

*Counsel for Plaintiffs and Proposed Intervenor*