IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TEXAS BLOCKCHAIN COUNCIL, a nonprofit association; RIOT PLATFORMS, INC., <br><br>*Plaintiffs,* <br><br>v. <br><br>DEPARTMENT OF ENERGY; JENNIFER M. GRANHOLM, in her official capacity as Secretary of Energy; ENERGY INFORMATION ADMINISTRATION; JOSEPH DECAROLIS, in his official capacity as Administrator of Energy Information Administration; OFFICE OF MANAGEMENT AND BUDGET; SHALANDA YOUNG, in her official capacity as Director of Office of Management and Budget, <br><br>*Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 6:24-cv-99 |

**[PROPOSED] ORDER**

Before the Court is the Agreement of Plaintiff Texas Blockchain Council; Plaintiff Riot Platforms, Inc. (collectively with Texas Blockchain Council, "Plaintiffs"); Defendant Department of Energy ("DOE"); Defendant Jennifer M. Granholm, in her official capacity as Secretary of Energy; Defendant U.S. Energy Information Administration ("EIA"); Defendant Joseph DeCarolis, in his official capacity as Administrator of EIA; Defendant Office of Management and Budget ("OMB"); Defendant Shalanda Young, in her official capacity as Director of OMB (collectively with the other Defendants, "Defendants"); and Proposed

1

Intervenor Chamber of Digital Commerce ("Proposed Intervenor," and collectively with the Plaintiffs and Defendants, the "Parties").

The Agreement sets forth that EIA has discontinued (that is, formally withdrawn and ceased) the emergency collection of Form EIA-862 that Plaintiffs challenge in this litigation, and that OMB has approved the discontinuance.  *See* Agreement, Recitals, ¶¶ J-K.  As a result of the discontinuance, no person or entity is subject to any obligation to respond to Form EIA-862.  *Id.* ¶ L.  The Agreement further sets forth that in the letter from EIA Administrator DeCarolis formally requesting approval of the discontinuance, EIA explained that it "has decided that it will not proceed through the emergency collection procedures set forth in 44 U.S.C. § 3507(j) and 5 C.F.R. § 1320.13 with respect to an information collection covering data of the type described in Form EIA-862."  *Id.* ¶ J (quoting Agreement, Attachment 1, Suppl. DeCarolis Decl., Ex. A).  EIA explained that it "will proceed through the PRA's notice-and-comment procedures . . . to determine whether to request that OMB approve any collection of information covering such data."  *Id.*

In the Agreement, Defendants agree that EIA will destroy any information that it has received or will received in response to the emergency collection of Form EIA-862, and will sequester and keep confidential any such information until it is destroyed.  *Id.* § 1.

Defendants further agree that EIA will publish in the Federal Register a new notice of a proposed collection of information that will supersede a notice that EIA previously issued.  *Id.* § 2; Energy Information Administration, Agency Information Collection Proposed Extension, 89 Fed. Reg. 9,140 (Feb. 9, 2024) ("February 9 Notice").  Defendants further agree that EIA will provide a 60-day public comment period for the new Federal Register notice and will also consider any comments that have been submitted in response to the February 9 Notice as if they

had been submitted in response to the new notice. *See* Agreement §§ 2-3. Further, if, after evaluating the received comments, EIA decides to conduct a cryptocurrency mining survey, the Defendants agree to conduct that clearance process in accordance with the procedures set forth in 44 U.S.C. § 3507 and 5 C.F.R. § 1320.10.

Plaintiffs and Proposed Intervenor have withdrawn their request that the Court enter a preliminary injunction. *Id.* § 5. Plaintiffs and Proposed Intervenor have further agreed not to request any further relief, including injunctive relief or a declaratory judgment, with respect to the emergency collection of EIA-862, which has now been discontinued—that is, withdrawn and ceased. *See Id.* § 6. This agreement is without prejudice to Plaintiffs and Proposed Intervenor seeking relief with respect to any collection of information that might be authorized in the future. *Id.*

In the Agreement, Defendant has consented to the Proposed Intervenor's Motion to Intervene as Plaintiff. *Id.* § 7.

The Parties have also jointly requested that the Court stay and administratively close the case. *Id.* § 8.

The Agreement states that it is the result of compromise and nothing in the Agreement or any representations made by any Party in the course of negotiating the Agreement shall constitute or be construed as an admission of liability or wrongdoing by any Party. *Id.* § 9.

The Court **ORDERS** the following:

Proposed Intervenor Chamber of Digital Commerce's Motion to Intervene as Plaintiff is **GRANTED**. The Chamber of Digital Commerce is hereby **ALLOWED** to permissively intervene in the above captioned matter as a Plaintiff.

In light of Plaintiffs' and Proposed Intervenor's withdrawal of their request for Preliminary Injunction, that request for Preliminary Injunction is **DENIED AS MOOT**.

The Court **STAYS** this case and directs the clerk to **ADMINISTRATIVELY CLOSE** this case.

**IT IS SO ORDERED** this __ day of _____, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE